UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO JAVIER SANCHEZ CORTEZ, § § § Plaintiff, § VS. § BEEVILLE COUNTY JAIL, *et al*, § § Defendants. § | § § § § § CIVIL ACTION NO. 2:12-CV-335 § § § § |

# MEMORANDUM AND RECOMMENDATION

This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983, who is currently incarcerated at the Giles Dalby Correctional Facility in Post, Texas. In the complaint, Plaintiff alleges Defendant Mercedita N. Flynn, FNP, in her individual capacity, was deliberately indifferent to his serious medical needs while he was held in Beeville County Jail and as a result of untreated diabetic foot ulcerations, he had to have his smallest toe removed. (D.E. 1).

On January 22, 2013, United State Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation to Dismiss Certain Claims and Retain Case. (D.E. 11) which was adopted by the District Judge. (D.E. 14). All Plaintiff's claims were dismissed except for the deliberate indifference claims against Defendant. Specifically, it was unclear whether Defendant should have rendered more immediate care because

Plaintiff testified that a treating specialist reported he was shocked by the condition of Plaintiff's toes. (D.E. 11, Page 8).

Defendant moves for summary judgment to dismiss Plaintiff's claims against her asserting she did not act with deliberate indifference. (D.E. 18 and D.E. 25). Plaintiff opposes Defendant's Motion. (D.E. 24). For the reasons stated herein, it is respectfully recommended that the Court **GRANT** Defendant's Motion for Summary Judgment and **DISMISS** Plaintiff's claims with prejudice.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Plaintiff is a federal prisoner and is currently confined at the Dalby Correctional Institution in Post, Texas, although his complaint concerns events that occurred while he was housed at the Bee County Jail in Beeville, Texas.

Plaintiff has high blood pressure and is diabetic and, prior to his confinement, he was taking Metformin and insulin for his diabetes. In March 2011, he was arrested in Refugio, Texas where he was held for two days.[1] On March 10, 2011, Plaintiff was taken to Bee County Jail. During the intake process, Plaintiff told jail personnel that he was diabetic and taking medications as well as insulin. He was seen by medical services the

---

[1] It is not clear whether Plaintiff was a pretrial detainee at the time of his arrest or whether he had been rearrested. However, the standard to evaluate Plaintiff's deliberate indifference claims is the same for pretrial detainees and prisoners.

same day and Plaintiff informed them he had high blood pressure and high blood sugar.[2] On March 11, 2011, Defendant ordered a blood panel and the next day, Plaintiff was prescribed and received several medications to control his diabetes. Medical records indicate Plaintiff received at least twice daily blood sugar testing and insulin during his incarceration at the Bee County Jail. (D.E. 18-4, Pages 14-17).

Within two days of his arrival at Bee County Jail, Plaintiff developed ulcerations on two of his toes. He submitted a sick call request to be seen at the infirmary and was treated the same day. Plaintiff's feet were checked by a nurse and cleaned with soap and water and an appointment was scheduled for Plaintiff to be seen by the Defendant.[3]

Within a few days, Plaintiff was seen by the Defendant and a small hole had developed between his two smallest toes on his right foot. The Defendant checked Plaintiff's foot and had the nurse clean the area with soap and water. There is a dispute regarding whether Defendant ever treated Plaintiff's ulcerations with antibiotics in addition to cleaning the injured area. Defendant has provided a filled prescription receipt for Clindamycin 300MG, used to treat bacterial infections, for Plaintiff dated March 16, 2011, six days after Plaintiff originally arrived at Bee County Jail. (D.E. 18-4, Page 23). Defendant continued with this course of treatment and the hole continued to enlarge. Defendant then arranged for Plaintiff to see a specialist. Plaintiff began receiving treatment from a specialist, Dr. Rodney N. Schorlemmer, approximately one month after arriving at Bee County Jail. According to Plaintiff, Dr. Schorlemmer prescribed an

---

[2] Defendant asserts that Plaintiff's blood tests indicate Plaintiff was a long-term noncompliant diabetic.
[3] Plaintiff asserts he was scheduled to see a doctor. Plaintiff was treated and seen by Defendant, a family nurse practitioner.

antibiotic and twice daily dressing changes with betadine.[4]  Dr. Schorlemmer, after two months of treatment, had to remove Plaintiff's smallest toe.  Plaintiff claims Defendant was deliberately indifferent to his serious medical needs and seeks damages for the loss of his toe.

### III.    DISCUSSION

#### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56.  In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant.  *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The substantive law identifies which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Id*.

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  The moving party bears the burden of identifying those portions of the record he or she believes demonstrates the absence of a genuine

---

[4] The undersigned made certain that Plaintiff received Dr. Schorlemmer's treating medical records.  (D.E. 20, D.E. 22, and D.E. 23; *see also* D.E. 24, Page 11 (Plaintiff acknowledges receipt of these records)).  While Plaintiff references these records as exhibits in his response to the pending motion and asserts that some have been altered, Plaintiff failed to provide the records to the Court.

issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden then shifts to the non-movant to show the existence of a genuine fact issue for trial. *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

The non-movant cannot merely rest on the allegations of the pleadings or on unsubstantiated, subjective beliefs. *Anderson*, 477 U.S. at 248-49. Plaintiffs must establish there are material, controverted facts precluding summary judgment. *Id*. Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.*; *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(*quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."). Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. Where the non-movant fails to present evidence to support his or her claims, there can be no genuine issue of material fact because of the complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

## B. DELIBERATE INDIFFERENCE

The Eighth Amendment prohibits cruel and unusual punishment. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eight Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is more than mere negligence. *Id*. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id*.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official acted with deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(per curiam). Deliberate indifference encompasses more than mere negligence on the part of prison officials. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical

need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Id*.

Furthermore, negligent medical care does not constitute a valid § 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993)("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if the treatment is negligently administered. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Varnado*, 920 F.2d at 321. "Deliberate indifference is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment. *Estelle*, 429 U.S. at 107; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met. *Domino*, 239 F.3d at 756. A "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (*quoting Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Delay in treatment may be actionable under § 1983 only if there

has been deliberate indifference and the delay results in substantial harm. *Stewart*, 174 F.3d at 537; *Mendoza*, 989 F.2d at 195. Medical records of sick calls, examinations, diagnoses, and medications may be rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235.

### C. ANALYSIS

Plaintiff alleges Defendant treated him improperly, failed to take his complaints seriously, ignored him, and intentionally treated him incorrectly. Plaintiff argues Defendant did not provide him with the appropriate course of treatment for the ulcer on his toes by failing to initially prescribe an antibiotic and by later failing to comply with Dr. Schorlemmer's treatment recommendations, including twice daily dressing changes with betadine. Plaintiff alleges there are no log sheets or other medical records relating to the administration of the antibiotic prescribed by Defendant or Dr. Schorlemmer. Plaintiff further alleges Defendant is not authorized to prescribe antibiotics.

There is no evidence to support Plaintiff's claim. Plaintiff was seen by medical personnel the day he was transferred to Bee County Jail and within two days, Defendant ordered a blood panel and had Plaintiff's high blood pressure and diabetes monitored and treated on a twice daily basis through the remainder of his incarceration at Bee County Jail. Plaintiff was, within two days of his arrival, treated by the Defendant and other medical staff for his foot ulcerations. Plaintiff states he was provided additional medical treatment whenever he submitted a sick call request, on the same day as the requests were submitted. Further, Defendant has provided medical records indicating Defendant prescribed an antibiotic specifically for Plaintiff four days after his arrival at Bee County

Jail. (D.E. 18-4, Page 23). When the initial prescribed course of treatment was unsuccessful, Defendant arranged for Plaintiff to be treated by a specialist within one month of Plaintiff's arrival at the Bee County Jail.

Dr. Jon Etlinger, a licensed doctor and a board certified general surgeon practicing in the State of Texas, testifies that he has reviewed Plaintiff's medical records and Defendant's actions, and he concludes:

> In my opinion, Nurse Flynn rendered proper care to Mr. Cortez. She cleaned his toe, made sure he was on antibiotics and made an appointment for him to see a surgeon. This is appropriate care under these circumstances. As a board certified surgeon, I have had considerable experience in the management and treatment of diabetic toes and infections.

There is no evidence that Defendant was refused treatment or that his complaints were ignored. Plaintiff received prompt and continuous medical treatment from the day he arrived at Bee County Jail. Further, there is no evidence that Defendant intentionally treated Plaintiff incorrectly. Defendant prescribed a course of treatment to treat both the underlying cause of Plaintiff's toe condition as well as the toe condition itself. When this course of treatment proved unsuccessful, Defendant arranged for Plaintiff to be seen by a specialist. Plaintiff is dissatisfied with the level and type of treatment he received, and this is not actionable under the Eighth Amendment. *Estelle*, 429 U.S. at 107; *Norton*, 122 F.3d at 292. As a result, he fails to establish that Defendant was deliberately indifferent to a serious medical need.

## IV.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court grant

Defendant's Motion for Summary Judgment, and that Plaintiff's claims be dismissed with prejudice.

    ORDERED this 28th day of February, 2014.

_____<br>
Jason B. Libby<br>
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).